## BELL v. McGEE.

### No. 8897.

Court of Civil Appeals of Texas. Austin.

Dec. 6, 1939.

Rehearing Denied Dec. 20, 1939.

Callaway & Callaway, of Brownwood, for appellant.

No briefs filed for appellee.

BLAIR, Justice.

Appellant sued appellee for $268.60, the alleged balance due on his note to appellant for $538.88, which was payable in certain monthly installments, and was secured by a chattel mortgage on an automobile. Appellee became delinquent in his monthly payments, and when demand for payment was made, he turned the automobile over to appellant, who sold it and applied the proceeds on the note, which, according to the testimony of appellant, reduced the amount of the note to $268.60. Appellee alleged, however, that when he turned the automobile over to appellant it was upon agreement that the automobile was delivered in full settlement of the debt represented by the note in suit.

In answer to a special issue submitted, the jury found that at the time the automobile was delivered to appellant it was upon the agreement of the parties that same was taken in full settlement of the note in suit. Judgment was accordingly rendered for appellee, and the sole question presented is whether as a matter of law there is any evidence to sustain the jury's finding that the automobile was delivered to appellant in full settlement of the debt in suit.

On this issue appellant testified as follows:

"When I talked to him about it, he just said he could not pay for the car and would just have to let me have it back. I never had but one conversation with him about taking the car back or repossession of it and in that conversation I just told him I would take it back and sell it for what I could get for it and give him credit for what I did get for the car."

"I never did agree with him that I would take the car back in payment of the note as he has alleged in his answer, and no suggestion was ever made by him that he wanted or expected me to take the car back in payment of the debt."

Appellee testified as follows:

"I executed the note to Smith Bell that has been offered in evidence here to refinance an old note that I had executed to him before that, for the car described in this note which I bought from Smith. * * I called Smith and asked him to come over to my office in the City Hall. He came over and asked me about the payments on this note and I told him I was unable to pay the car out. He said well he would have to take the car back but that he hated to repossess it because he would lose a little money on it. I told Smith that I hated for him to

have to take the car back and that I had already lost a lot of money on it. I told him where the car was located and that is the only conversation that I had with him about it and that is about all that was said about it one way or the other.

"From this conversation I understood or thought that when he took the car back it would be in satisfaction of the note and I thought that he understood that, but as I have stated this is about the extent of the conversation. * * *

"I was not notified at the time of the sale. I saw Smith Bell repeatedly on the street and he did not mention anything about the car. I did not know anything about it after that until I got a letter from Mr. Callaway a short time before this suit was filed."

 This evidence presented a sharp conflict as to whether appellant agreed to take or repossess the automobile in full satisfaction of the debt secured by the mortgage on it; and since the jury determined that conflict in favor of appellee, this court has no authority to disturb the jury's finding.

The judgment of the trial court is affirmed.

Affirmed.